

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles H. Theobald
County Attorney
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-5016
Re: Justice of the Peace may
not appoint "Assistant
Justice of the Peace" to
serve for him while he is
in the Navy and related
matters

     Your request for opinion has been received and carefully considered by this department. The facts related by you are briefly as follows:

     Galveston County has two Justice Courts in Precinct 1, denominated "A" and "B". The precinct officers of the county are compensated on a fee basis. Justice Piperi, the present Justice of Court "B" was re-elected in the November election. You stated that Justice Piperi volunteered in the United States Navy and we assume from your letter that he is not a commissioned officer and we base this opinion upon that assumption. You state further that Justice Piperi will again qualify after January 1, 1943, as Justice of Court 1 "B". You also state that the Justice of Court 1 "A" is temporarily performing the duties of the Justice of Court 1 "B" under the provisions of Article 2377, V. A. C. S. Your questions (quoting from your request) are as follows:

     "...

     "Now, the question is whether the Justice of the Peace, of Court 1-A shall continue to perform the duties as justice of the peace of Court 1-B; and, if so, will the absent justice of the peace be entitled to the fees earned during his absence or will the fees earned in Court 1-B by the justice of the peace of Court 1-A be accounted for by him in his annual report and all in excess

of his legal compensation be considered excess
fees to be paid over to the County as is requir-
ed of any official operating under the fee sys-
tem is required to do should he have excess
fees.

"     . . . .

"Therefore, from the explanation of the
situation which confronts us, will you kindly
advise me if, in the event a justice of the peace
was re-elected at the last general election to
his office as justice of the peace, may he ap-
point someone to serve for him until he is dis-
charged from the military service; and, if so,
how are the fees to be disposed of, that is: com-
pensation earned by fees; and, in the event he
has authority to appoint someone to act for him,
is there any provision in the law by which a
valid bond could be taken to protect the county
as to excess fees, or would it be necessary for
such assistant, if authorized to be appointed by
the justice of the peace, to give an indemnity
bond to the absent justice of the peace to pro-
tect his official bond when he qualifies.

"     . . . .

"You will note that Art. 2377, R.C.S., is
rather permissive, that is: that the nearest
justice of the peace MAY temporarily perform
the duties of office. What would be the situa-
tion in the event the justice of the peace of
Court 1-A should decline to perform the duties
of the justice of the peace of Court 1-B?

"     . . . ."

Article 2377, Vernon's Annotated Texas Civil Stat-
utes, provides:

"Whenever there is a vacancy or the justice
in any precinct shall be absent, or unable or
unwilling to perform theduties of his office,
the nearest justice in the county may tempor-
arily perform the duties of the office."

Honorable Charles H. Theobald, page 3

Opinion No. O-3743 of this department holds, among other things, that there can be no "assistant county judge." We quote from said opinion as follows:

"It is our opinion that Article 3902, R.C.S., does not authorize the county judge to appoint a deputy or assistant to act as county judge during the period of his absence.

"It is a familiar rule that judicial authority cannot be delegated. The office of county judge is created by the Constitution, and the manner by which it is to be filled is provided in that document. The duties of the county judge require for their execution the exercise of judgment and discretion. The people, by electing a county judge, repose special confidence in the judgment and discretion of the person thus elected to fill the office. It may be doubted whether the Legislature in such circumstances, may create the office of deputy or assistant county judge and permit the county judge to delegate the exercise of his judicial power to such deputy or assistant. Parenthetically, it is significant that the office of 'deputy' or 'assistant' judge is, so far as we can determine, unknown to our system of jurisprudence.

"Whatever the scope of the legislative power may be, however, we think it clear that the authority to delegate the exercise of judicial power, or the authority directly conferred by the Legislature upon the 'deputy' to exercise it, must be express. It is not to be inferred from the mere permission to appoint deputies, assistants, and clerks, for the nature of the authority to be exercised by such subordinates is not prescribed by law. In such instance, it is rather to be assumed that the Legislature contemplates the delegation to the deputy or assistants of the authority to discharge ministerial or administrative functions of the principal office.

"No statute creates or defines the powers
and duties of the office of 'deputy' or 'assis-
tant' county judge. For the reason stated above,
we hold that Article 3902 does not authorize the
appointment by the county judge of a deputy or
assistant vested with authority to act as the
county judge himself might with respect to mat-
ters involving the exercise of judgment and dis-
cretion, or the exercise of the judicial power."

Article 1011, Vernon's Annotated Texas Code of Crim-
inal Procedure, provides:

"No item of costs shall be taxed for a pur-
ported service which was not performed, or for a
service for which no fee is expressly provided
by law."

Answering your questions it is our opinion under
the facts stated and assumed:

1. There is no such office as "assistant Justice
of the Peace" as judicial authority can not be delegated and
no such purported "assistant" can be appointed to act for
the Justice of the Peace.

2. The Justice of Court 1 "A" will be entitled to
receive the fees he earns while temporarily serving in Court
1 "B" which he of course must account for under the perti-
nent maximum and excess fees statutes.

3. Justice Piperi would not be entitled to fees
he does not earn. For example, Article 1052, Vernon's Annot-
ated Texas Code of Criminal Procedure, provides certain trial
fees to justices for finally disposing of criminal cases, if
the justice of Court 1 "A" accepted a plea of guilty in a
misdemeanor case in Court 1 "B" then the Justice of Court
1 "A" would be entitled to the trial fee and certainly not
the justice of Court 1 "B" who did not perform any service.

4. We agree with you that Article 2377, V.A.C.S.,
supra, is a directory statute and is not mandatory. However,
if the Justice of Court 1 "A" declined to serve in Court
1 "B" litigants and peace officers could file their civil

suits and criminal cases in court 1 "A" and it would then be the mandatory duty of the Justice of Court 1 "A" to dispose of the civil and criminal litigation filed in his court.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:db

APPROVED DEC 19, 1942

ATTORNEY GENERAL OF TEXAS